UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JODI GROSSBARD,
Plaintiff,

-against-

CHARLES CAIN, ANTHONY BROWN, MARIE LOUIS MENG, and THE NEW YORK AND PRESBYTERIAN HOSPITAL,
Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

CV No.:

Jury Trial Demanded

Plaintiff JODI GROSSBARD, complaining of defendants, CHARLES CAIN, ANTHONY BROWN, MARIE LOUIS MENG, and THE NEW YORK AND PRESBYTERIAN HOSPITAL, by her attorneys, **SILBERSTEIN, AWAD & MIKLOS, P.C.**, respectfully alleges as follows:

1. This Court has jurisdiction over this matter based upon diversity citizenship under 28 U.S.C. § 1332(a).

2. Venue is properly placed in the Southern District of New York because it is where the events complained of herein occurred and the residence of the defendant hospital THE NEW YORK AND PRESBYTERIAN HOSPITAL.

3. At all times relevant, plaintiff JODI GROSSBARD was and still is a resident of the premises located at 70 Hessey Road Wayne, New Jersey 07470.

4. At all times relevant, the defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. At all times relevant, the defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL owned, operated, maintained, managed and controlled a medical facility for the care

and treatment of sick and injured people at 650 W. 168th Street, New York, New York 10032

6. That on March 21, 2012, plaintiff JODI GROSSBARD was admitted to defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL for the purpose of undergoing a bunion surgery, and remained there until discharge the following day on March 22, 2012.

7. That on March 21, 2012, and for a reasonable period of time prior and subsequent thereto, plaintiff JODI GROSSBARD was admitted to and hospitalized by defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, and that defendant hospital assigned and selected certain physicians and/or medical personnel for the purpose of providing anesthesia care, treatment, management and/or other and further medical services including but not limited to providing the medical clearance for, performance of, and post-operative evaluation, management, and discharge instructions related to a bunion surgery to plaintiff JODI GROSSBARD.

8. That at all times relevant, defendant CHARLES CAIN was and is a physician duly licensed to practice medicine in the state of New York.

9. That at all times relevant, defendant CHARLES CAIN held himself out to both the general public and to the plaintiff in particular, to be a specialist in the field of anesthesiology.

10. That beginning on or about March 21, 2012, and continuing through March 22, 2012, and at times prior and subsequent thereto, the defendant CHARLES CAIN undertook to and did render anesthesia care, treatment and services to plaintiff JODI GROSSBARD.

11. That at all times relevant, defendant CHARLES CAIN was or represented himself to be an agent and/or employee of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL and acted within said scope and capacity by, through, and with the knowledge, consent and authority of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

12. That at all times herein relevant, defendant CHARLES CAIN was the attending anesthesiologist who provided plaintiff JODI GROSSBARD with a pre-anesthetic assessment, and was present for and in charge of the induction and administration of anesthesia to plaintiff JODI GROSSBARD during, in the course of, and as related to the bunion surgery which she underwent in March of 2012 at the defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

13. That at all times relevant, defendant ANTHONY BROWN was and is a physician duly licensed to practice medicine in the state of New York.

14. That at all times relevant, defendant ANTHONY BROWN held himself out to both the general public and to the plaintiff in particular, to be a specialist in the field of anesthesiology.

15. That beginning on or about March 21, 2012, and continuing through March 22, 2012, and at times prior and subsequent thereto, the defendant ANTHONY BROWN undertook to and did render anesthesia care, treatment and services to plaintiff JODI GROSSBARD.

16. That at all times relevant, defendant ANTHONY BROWNwas or represented himself to be an agent and/or employee of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL and acted within said scope and capacity by, through, and with the knowledge, consent and authority of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

17. That at all times herein relevant, defendant ANTHONY BROWN was the attending anesthesiologist who was present for overseeing, implementing, and completing the administration of the general anesthesia to plaintiff JODI GROSSBARD during, in the course of, and as related to the bunion surgery which she underwent in March of 2012 at the defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

19. That at all times relevant, defendant MARIE LOUISE MENG was a resident nurse

anesthetist duly licensed to practice in the state of New York.

20. That at all times relevant, defendant MARIE LOUISE MENG held herself out to both the general public and to the plaintiff in particular, to be a specialist in the field of nursing and a specialist in the field of anesthesiology.

21. That beginning on or about March 21, 2012, and continuing through March 22, 2012, and at times prior and subsequent thereto, the defendant MARIE LOUISE MENG undertook to and did render anesthesia care, treatment and services to plaintiff JODI GROSSBARD.

22. That at all times relevant, defendant MARIE LOUISE MENG was or represented herself to be an agent and/or employee of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL and acted within said scope and capacity by, through, and with the knowledge, consent and authority of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

23. That at all times herein relevant, defendant MARIE LOUISE MENG was the nurse who undertook to and did provide plaintiff JODI GROSSBARD's pre-anesthesia evaluation, and was present for, assisted in, and monitored the administration of the anesthetic, and who undertook to and did provide plaintiff JODI GROSSBARD's extubation evaluation as related to the bunion surgery she underwent in March of 2012 at defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

24. That beginning on or about March 21, 2012, the defendants, acting both jointly and severally, and acting by and through their agents and/or employees and/or associates, who at all times acted within the scope of and with the knowledge, authority, and consent of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL provided plaintiff JODI GROSSBARD with anesthesia via laryngeal mask airway for the purpose of and as related to the bunion surgery which

she underwent in March of 2012 at defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

**AS AND FOR THE FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE**

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" inclusive, and incorporates said paragraphs with the same force and effect as if fully set forth in length herein.

26. Defendants, CHARLES CAIN, ANTHONY BROWN, MARIE LOUISE MENG, AND THE NEW YORK AND PRESBYTERIAN HOSPITAL, acting by and through their agents, partners, employees, and/or associates, were careless, negligent, and departed from the standards of good and accepted medical care and treatment in 2012 by failing to properly and timely administer general anesthesia, and/or general anesthesia via laryngeal mask airway to plaintiff JODI GROSSBARD on March 21, 2012, failed to properly and timely select the safest means of furnishing anesthesia for the surgery of March 21, 2012, and failed to properly and timely examine and evaluate their patient on pre-anesthetic examination to determine the proper and safest means of anesthesia care.

27. Defendants, CHARLES CAIN, ANTHONY BROWN, MARIE LOUISE MENG, AND THE NEW YORK AND PRESBYTERIAN HOSPITAL, acting by and through their agents, partners, employees, and/or associates, were careless, negligent, and departed from the standards of good and accepted anesthesia care and treatment by negligently failing to monitor and manage the administration of the anesthetic; negligently failing to monitor or manage the progression of the tube during the anesthetic's administration; negligently failing to report and/or record observations and incidents occurring during the anesthetic's administration; applying a dangerous

and otherwise improper amount of pressure in placing the laryngeal mask airway; negligently placing and/or positioning of the laryngeal mask airway; negligently failing to evaluate the function and condition of plaintiff's vocal cords post-operatively; negligently failing to timely and properly diagnose and treat injury to plaintiff's vocal cords.

28. That in March of 2012, while plaintiff JODI GROSSBARD was under the care and treatment of defendants CHARLES CAIN, ANTHONY BROWN, MARIE LOUISE MENG, AND THE NEW YORK AND PRESBYTERIAN HOSPITAL, defendants caused her to sustain certain serious, severe and incapacitating personal injuries including but not limited to vocal cord palsy, vocal cord injury, right vocal fold paresis, right vocal fold immobility, and dysphonia of a permanent and lasting nature, and caused her to suffer ongoing, continuous conscious pain and suffering through and until the present time.

29. That the occurrence and resultant injuries were proximately caused by defendants CHARLES CAIN, ANTHONY BROWN, MARIE LOUISE MENG, AND THE NEW YORK AND PRESBYTERIAN HOSPITAL' negligent acts and/or omissions, taken singularly or in combination, and that no conduct by or on the part of plaintiff JODI GROSSBARD, in any manner or to any degree contributed or otherwise affected the occurrence and/or injuries described herein.

30. That the negligent and tortuous acts of defendants CHARLES CAIN, ANTHONY BROWN, MARIE LOUISE MENG, AND THE NEW YORK AND PRESBYTERIAN HOSPITAL, taken singularly or in combination, taken jointly and severally, needlessly endangered plaintiff JODI GROSSBARD and deprived her of a better chance for a better outcome which would have existed had defendants uphold good and accepted standards of medical care.

30. This action falls within one or more of the exceptions set forth within the State of

New York Statute, Civil Practice Law and Rules Article 16 and specifically Section 1602.

31. That as a result of the foregoing, plaintiff JODI GROSSBARD was damaged in an amount and in a substantial sum of money to be determined by a Court and jury which based upon present knowledge and information, constitutes an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

**AS AND FOR THE SECOND CAUSE OF ACTION**
**FOR LACK OF INFORMED CONSENT**

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" inclusive, and incorporates said paragraphs with the same force and effect as if fully set forth in length herein.

33. Defendants CHARLES CAIN, ANTHONY BROWN, MARIE LOUISE MENG, AND THE NEW YORK AND PRESBYTERIAN HOSPITAL failed to timely, properly, and adequately inform plaintiff JODI GROSSBARD of the risks, hazards, and alternatives available regarding the choices of anesthesia and technique of anesthesia which were known to similarly situated anesthesiologists practicing in the field of anesthesiology in 2012, and that said failure deprived plaintiff of an opportunity to make an informed decision or to provide informed consent to as related to anesthesia care and treatment rendered by defendants.

34. That a reasonably prudent person in the position of plaintiff, would not have agreed to or undergone aspects of the anesthesia care and treatment imposed upon plaintiff if plaintiff were adequately advised or made aware of either the existence and/or likelihood of anesthesia risks and complications attendant to the manner and mechanism(s) utilized by defendants as related to the administration of general anesthesia.

35. That by reason of the foregoing, plaintiff could not have given and did not give an

informed consent, and that the lack of informed consent was one of the proximate causes of the injury and condition for which recovery is being sought herein.

36. That as a result of the foregoing, plaintiff JODI GROSSBARD was damaged in an amount and in a substantial sum of money to be determined by a Court and jury which based upon present knowledge and information, constitutes an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, plaintiff JODI GROSSBARD demands judgment against the defendants for the first and second causes of action in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action, together with costs and disbursements and interest computed from the date of any verdict rendered herein.

Dated: Garden City, New York
September 18, 2014

Respectfully submitted,
**SILBERSTEIN, AWAD & MIKLOS, P.C.**

By:____________________

**JOSEPH P. AWAD, ESQ. (JA9553)**
600 Old Country Road, Suite 412
Garden City, New York 11530
Phone: (516) 832-7777
Facsimile: (516) 832-7877

6273

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JODI GROSSBARD,
Plaintiff,

-against-

CHARLES CAIN, ANTHONY BROWN, MARIE LOUIS MENG, and THE NEW YORK AND PRESBYTERIAN HOSPITAL,
Defendants.

**CERTIFICATE OF MERIT**

CV No.:

**JOSEPH P. AWAD,** an attorney duly licensed to practice law in the State of New York, affirms the following statements to be true under penalties of perjury:

1. I am a Partner of the law firm of SILBERSTEIN, AWAD & MIKLOS, P.C., attorneys for the plaintiffs herein, and after a review of the file I am fully familiar with the contents of the file as maintained in this office.

2. Pursuant to CPLR 3012(a), I have consulted with a physician licensed to practice medicine in the State of New York who is knowledgeable of the relevant issues regarding this matter and that I have concluded on the basis of such consultation that there is reasonable basis for the commencement of the action.

Dated: Garden City, New York
September 18, 2014

**JOSEPH P. AWAD (JA9553)**

**RIDER**

***DEFENDANTS' ADDRESSES:***

TO: CHARLES CAIN
622 W. 168th Street, Suite 5
New York, New York 10032

ANTHONY BROWN
622 W. 168th Street, Suite 8TH
New York, New York 10032

MARIE LOUIS MENG
622 W. 168th Street
New York, New York 10032

THE NEW YORK AND
PRESBYTERIAN HOSPITAL
650 W. 168th Street
New York, New York 10032

cc: THE NEW YORK AND
PRESBYTERIAN HOSPITAL
OFFICE OF LEGAL AFFAIRS
1320 York Avenue, Box 715
New York, New York 10021